## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

ONE LAKESIDE PLAZA L L C        CASE NO.  2:21-CV-04050

VERSUS        JUDGE JAMES D. CAIN, JR.

INDIAN HARBOR INSURANCE CO ET AL      MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the Court is "Defendants' Motion to Compel Arbitration and Stay the Proceedings" (Doc. 5) filed by Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, and Old Republic Union Insurance Company (collectively, "Defendants" or "Domestic Insurers"). Plaintiff, One Lakeside Plaza LLC ("Lakeside") opposes the motion.

## BACKGROUND

This suit arises from a commercial property insurance claim made by Lakeside based on damage it sustained as a result of Hurricane Laura in August 2020, and Hurricane Delta in October 2020. At the time of the loss, Lakeside's property was insured by Defendants through a surplus lines commercial property insurance policy, which includes the following arbitration clause:

> C.    ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as the "parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

\*\*\*

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance. . . .[1]

Lakeside filed this lawsuit alleging that Defendants failed to timely or adequately pay for its covered losses under the policies. Lakeside asserts claims of breach of contract and breach of the duty of good faith and fair dealing. Defendants have moved to stay the proceedings and compel arbitration pursuant to the arbitration clause.

## LAW AND ANALYSIS

Defendants maintain that Lakeside is in direct violation of the arbitration clause because counsel for Plaintiff has refused Defendants' demand for arbitration. Defendants argue that the Federal Arbitration Act, 9 U.S.C. § § 201-208 (the "Convention") applies to the arbitration clause and moves to enforce it.

The FAA places arbitration clauses on "the same footing as other contracts" and allows an aggrieved party to move to compel arbitration when the opposing party fails to comply with an arbitration clause. *American Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490, 492–93 (5th Cir. 2006). The McCarran-Ferguson Act, 15 U.S.C. § 1101 *et seq.* provides, however, that state law regulating the business of insurance may reverse-preempt the FAA.

---

[1] Defendant's exhibit A, p. 24.

Defendants argue that the Convention applies. There are no foreign insurers who could be held liable, only domestic insurers in this matter. The purpose of the Convention is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced by signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15, 94 S.Ct. 2449 (1974). The contractual agreements with the domestic insurers are expressly declared to be separate contracts. Because the agreements at issue in this matter are "entirely between citizens of the United States," they "shall be deemed not to fall under the Convention." 9 U.S.C. § 202.

Lakeside argues that Louisiana Revised Statute § 22:868 bars insurance policies from ousting Louisiana courts of jurisdiction. Section 22:868, in relevant part, provides as follows:

> A. No insurance contract delivered or issued for deliver in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either ...

> (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer....

> D. The Provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy from that is not subject to approval by the Department of Insurance.

Recently, in *S.K.A.V.L.L.C. v. Independent Specialty Insurance Company*, the Fifth Circuit court concluded, based on its opinion as to how the Louisiana Supreme Court would read § 22:868 in the context of arbitration clauses, that the

arbitration clause is not valid because the statute expressly "prevents the valid formation of an arbitration agreement." 103 F.4th 1121, 1125 (5th Cir. June 5, 2024).

Even more recently, this Court certified the following question to the Louisiana Supreme Court in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co., et al*, 2024 WL 4579035 (La. October 25, 2024):

> Whether the 2020 amendment adding Subsection D (Act No. 307 § 1 of 2020) to La. R.S. 22:868 to allow forum and venue selection clauses in limited circumstances implicitly repealed Subsection A's longstanding prohibition of arbitration clauses in all insurance policies in Louisiana?

The Louisiana Supreme Court answered in the negative, noting that the prohibition concerning arbitration clauses in insurance policies is rooted in public policy because they operate to deprive courts of jurisdiction over actions against insurers, and Louisiana jurisprudence has historically held that arbitration clauses within insurance policies are unenforceable. *Calcasieu Parish*, 2024 WL 4579035 at *5 (La. October 25, 2024) citing *Courville v. Allied Professionals Ins. Co.*, 218 So.3d 144, 148 (La. App. 1 Cir. 4/12/17); *Doucet v. Dental Health Plans Mgmt, Corp.*, 412 So.2d 1383, 1384 (La. 1982).

Likewise, the Court finds that the arbitration clause in Defendants' contracts are unenforceable as they are against Louisiana's public policy.

Next, Defendants rely on the doctrine of equitable estoppel to order arbitration. Lakeside argues that equitable estoppel cannot be used to preempt state insurance law under the McCarran-Ferguson Act. The Court notes that again the Louisiana Supreme Court has spoken.  This Court also certified the following question to the Louisiana Supreme Court in *Police Jury of Calcasieu Parish*, supra:

> If arbitration continues to be prohibited in all insurance policies delivered or issued for delivery in Louisiana, whether a domestic insurer may resort to equitable estoppel under state law to enforce an arbitration clause in another insurer's policy in contravention of the positive law prohibiting arbitration in La. R.S. 22:868(A)(2); and related, whether estoppel can be applied to political subdivisions without satisfying the distinct and heightened standard otherwise required by the Louisiana Supreme Court for application of estoppel to public bodies?

The Louisiana Supreme Court answered this question in the negative, noting that the United States Fifth Circuit correctly applied Louisiana law in *S.K.A.V., LLC,* supra, in finding that a domestic insurer may not use estoppel under Louisiana law to enforce arbitration via a foreign insurer's policy. The Louisiana Supreme Court opined that the doctrine of equitable estoppel is not available under these circumstances because it conflicts with the positive law of Louisiana Revised Statute § 22:868, which prohibits the use of arbitration clauses in Louisiana-issued insurance policies. Notably, "[a] contrary finding would (1) violate Louisiana's positive law prohibiting arbitration in Louisiana-issued insurance policies; and (2) invite domestic insurers' misuse a doctrine of "last resort" to ceaselessly rely on insurance policies of foreign insurers to compel arbitration." *Police Jury of Calcasieu Parish*, 2024 WL 4579035 at *15. Here, this Court finds that under Louisiana law, Defendants may not resort to equitable estoppel to enforce the arbitration clause in contravention of the positive law prohibiting arbitration in Louisiana Revised Statute 22:868(A)(2).

For the reasons explained herein,

**IT IS ORDERED** that Defendants' Motion to Compel Arbitration and Stay the Proceedings (Doc.5) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 19th day of November, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**